UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMESETTA W. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV416-048 |
| BRYANT COUNTY HEALTH AND REHAB CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Jamesetta Myers asserts unknown claims against what the Court presumes is her employer, Bryant County Health and Rehab Center. Doc. 1. She says that on May 9, 2015, while at work, she "looked at the nursing schedule to see what area/hall [she] was to be working on." *Id.* at 3. The schedule contained areas "marked through with black pen." *Id.* Myers noted that she was not placed "on B hall, but placed on A hall." *Id.* at 4. She voiced concerns "to the ADON Nora Cohen and Henrietta," who "both assessed the nursing schedule for area/hall assignment and said they do not know why the schedule was changed." *Id.*

"The schedule was changed back," but "later that night another LPN nurse came in complaining about the change." *Id.* That nurse didn't understand why "Christina Boer [was] on A hall and should be on B hall," but "was not aware that . . . Myers had spoken with ADON Nora Coehn and Henrietta about the nursing . . . schedule." *Id.* Before she returned to the nursing station, Myers asked Cohen and Henrietta about the schedule for May 10, 2015 and they both stated that she was "working on the middle hall." *Id.* For all that, and "whatever the outcome," Myers seeks "to recover damages . . . for what had been wrongfully done." *Id.* at 5.

Courts are obligated to liberally construe *pro se* complaints, but they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Here, Myers hasn't given the Court much to construe that makes sense. She appears to gripe about the nursing schedule, and her placement on hall A instead of B, but that's it. She never identifies a claim of any type, nor even asserts that particular people wronged her. Nevertheless, because of Myers' *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to

2

give leave freely "when justice so requires," the Court will give her one chance to rewrite her otherwise deficient pleading in order to sustain this action.

This time, however, Myers must submit a *coherent* complaint. (Her current narrative contains so many gaps that piecing together what she alleges happened is nigh on impossible.) The rules require that she set out a "short and plain statement of the claim showing" that she is entitled to the relief she seeks. Fed. R. Civ. P. 8(a)(2). That means she must present the Court with the *factual* allegations that support her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that a defendant has harmed Myers, or that it violated the law, will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To that end, plaintiff must also identify her legal recovery theory. She must cite some constitutional provision, statute, or regulation under which, if her facts prove true, she would be entitled to some form of judicially awardable relief (typically a money judgment). Myers must file her amended complaint within 14 days of the day this Order is served or

3

face a recommendation of dismissal.

**SO ORDERED,** this  24th  day of February, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA