# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMESETTA W. MYERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRYANT COUNTY HEALTH ) <br> AND REHAB CENTER, ) <br> ) <br> Defendant. ) | Case No. CV416-048 |

## REPORT AND RECOMMENDATION

In a previous Order, the undersigned required *pro se* plaintiff Jamesetta Myers to amend her Complaint in this case because it made little sense and identified no cause of action. Doc. 2. In her first Complaint she alleged that

> on May 9, 2015, while at work, she 'looked at the nursing schedule to see what area/hall [she] was to be working on.' [Doc. 1] at 3. The schedule contained areas 'marked through with black pen.' *Id.* Myers noted that she was not placed 'on B hall, but placed on A hall.' *Id.* at 4. She voiced concerns 'to the ADON Nora Cohen and Henrietta,' who 'both assessed the nursing schedule for area/hall assignment and said they do not know why the schedule was changed.' *Id.*
>
> 'The schedule was changed back,' but 'later that night another LPN nurse came in complaining about the change.' *Id.* That nurse

didn't understand why 'Christina Boer [was] on A hall and should be on B hall,' but 'was not aware that . . . Myers had spoken with ADON Nora Coehn and Henrietta about the nursing . . . schedule.' *Id.* Before she returned to the nursing station, Myers asked Cohen and Henrietta about the schedule for May 10, 2015 and they both stated that she was 'working on the middle hall.' *Id.*

Doc. 2 at 1-2.

To those facts, she now adds that she's worked as an "LPN nurse since 1997[] making . . . $14.00 a[n] hour." Doc. 3 at 2. After the May 9 issues (whatever those were -- the Court still cannot tell), Myers (in raw, unedited form)

> returned to work on May 10, 2015 and the hall schedule/assignment was scratched through with a pen/pencil again which took me from middle hall and placed on A hall against and I kindly states this schedule has been changed against and I spoke with Nora and Henrietta about the schedule on May 9, 2015 and I spoke of working on the middle hall and not a nurse will move from their hall and only will state I am working 7a-3p and not one of the three nurse was willing to place the schedule/assignment as Nora and Henrietta had it initially for May 10, 2015 in order for me to work the middle hall and the nurse will have to count and give report for the oncoming nurse can work their schedule/assigned hall especially if they have seniority.

Doc. 3 at 3.

Myers then replaced the schedule and left work. *Id.* She returned on her next scheduled day, but "Jasmine Daniels, LPN state[d that she] would need to call Sheri Butler, Director of Nursing" because Butler had

fired Myers after Myers left work on May 10, 2015. *Id.*

Myers asserts six claims related to those events: (1) "Employer Practice Title II, Sec.202, to limit, segregate, or classify the employee of the employer in any way that would deprive . . . the employee of employment opportunities. . . .;" (2) "The Equal Pay Act of 1963;" (3) "The Genetic Information Nondiscrimination Act, Intentional Infliction of Emotional Distress, increase mucous, itching and swelling of sinus cavity and constriction of airway and pain and suffering as well as emotional stress;" (4) " The Age Discrimination in Employment Act;" (5) "The American with Disability Act;" (6) "Disparate Impact as 3-7." Doc. 3 at 3-4.

None state a claim. As the Court previously made clear, it is obligated to liberally construe *pro se* complaints, but cannot not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Despite amending her Complaint, Myers *still* hasn't given the Court much to construe that makes sense.

It's clear that Myers was upset about scheduling and hall assignments and felt her seniority was ignored. It's also clear that on

3

May 10, 2015 her anger led her to leave work and not return until her next scheduled shift. That got her fired and that, the Court presumes, birthed this lawsuit.

Even accepting those allegations as true (as the Court must at this stage), Myers states no claims. The ADA requires that plaintiffs suffer a disability. Myers alleged none. The ADEA applies to those over 40. Myers never pled her age, much less that a younger person was hired to replace her. The Equal Pay Act and Genetic Nondiscrimination Act have no apparent application to this case, and the Court simply has no idea what Employer Practice Title II, or "increase mucous" claims even are.

No one likes getting fired. But every instance of termination does not give rise to a legal claim, even if the employer acts for absurd reasons (*e.g.*, "I don't like your hair color"). Congress has selected only a handful of protected areas here. Hence, discharged employees can sue if they can plead and prove that they were fired solely if not predominantly because of race, sex, religion, pregnancy, or just a few other statutorily protected classes. *See, e.g.*, 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). But Myers has twice failed to plead any of those here.

Because Myers' Amended Complaint states no claim, it should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED,** this __4th__ day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA